# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREY GOODWYN | : | |
| Petitioner | : | |
| v | : | Civil Action No. RDB-05-3440 |
| DIVISION OF CORRECTION and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : : | |
| Respondent | : | |

o0o

## MEMORANDUM

The above-captioned Petition for Writ of Habeas Corpus, filed on December 22, 2005, concerns the rescission of earned diminution of confinement credits in the context of Petitioner's parole revocation. Paper No. 1. Because he appears to be indigent, Petitioner's Motion to Proceed *In Forma Pauperis* shall be granted. Paper No. 2. Although Petitioner filed the instant action on pre-printed forms for use in filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, the allegations raised do not challenge the validity of his state criminal conviction. The petition is more appropriately construed as one filed pursuant to 28 U.S.C. §2241. For the reasons that follow, the petition must be dismissed without prejudice.

Petitioner alleges that he was subjected to discrimination by the parole commissioner who revoked his parole because his industrial and educational credits were rescinded. Paper No. 1 at p. 6. He further states that he is being denied the opportunity to earn diminution credits on his new sentence because of the parole revocation decision. *Id*. Petitioner's parole was revoked on November 1, 2005, and suggests that everyone else who had a hearing prior to Petitioner's hearing was granted all street time credit. *Id*.

To the extent that a federal issue is presented in the instant petition, it has been filed

prematurely. It is clear that no attempt has been made by Petitioner to obtain state judicial review of any kind regarding his allegations that his diminution credits have been rescinded improperly. His petition is, therefore, filed prematurely and, as a matter of comity, this Court will not intervene in a state law matter. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). At a minimum Petitioner must pursue any state court appeals of the revocation hearing decision which may be available to him or, in the alternative, any state court habeas corpus challenge to his current confinement that is available to him. The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Accordingly, a separate order will be entered dismissing this case without prejudice.

January 19, 2006                           /s/
 Date                                             RICHARD D. BENNETT
                                            UNITED STATES DISTRICT JUDGE